AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

—— OFFENSE CHARGED ——

Count 1 - 18 U.S.C. § 371 - Conspiracy
Count 2 - 18 U.S.C. § 666(a)(1)(B) - Bribery Concerning Programs Receiving Federal Funds
Count 4 - 18 U.S.C. § 1349 - Conspiracy
Counts 5-7 - 18 U.S.C. § 1341, 1343, 1349 - Honest Services Mail and Wire Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:   See attached.

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
}   SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
}   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Patrick Robbins
   ☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Abe Fine & Molly Priedeman

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

—— DEFENDANT - U.S ——

Sheng Thao

DISTRICT COURT NUMBER

CR 25 0003 YGR

—— DEFENDANT ——

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

*FILED JAN 09 2025 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:      Before Judge:

Comments:

*United States v. Thao, et al.*

## PENALTY SHEET
## SHENG THAO

COUNT ONE:

18 U.S.C. § 371 – Conspiracy

Maximum penalties:   Five years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNT TWO:

18 U.S.C. § 666(a)(1)(B) - Bribery Concerning Programs Receiving Federal Funds

Maximum penalties:   Ten years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNT FOUR:

18 U.S.C. § 1349 – Conspiracy

Maximum penalties:   Twenty years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNTS FIVE, SIX & SEVEN:

18 U.S.C. §§ 1341, 1343, 1346 – Honest Services Mail Fraud and Wire Fraud

Maximum penalties:   Twenty years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                    ☐ SUPERSEDING

─── OFFENSE CHARGED ───

Count 1 - 18 U.S.C. § 371 - Conspiracy
Count 2 - 18 U.S.C. § 666(a)(1)(B) - Bribery Concerning
Programs Receiving Federal Funds
Count 4 - 18 U.S.C. § 1349 - Conspiracy
Counts 5-7 - 18 U.S.C. § 1341, 1343, 1349 - Honest Services
Mail and Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached.

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

─ DEFENDANT - U.S ─

▶ Andre Jones

DISTRICT COURT NUMBER

CR 25 0003 YGR

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form _____ Patrick Robbins _____

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Abe Fine & Molly Priedeman

─── DEFENDANT ───

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
     summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
   _____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction        ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution
     _____

Has detainer   ☐ Yes      If "Yes"
been filed?    ☐ No        give date
                            filed _____

DATE OF    ▶        Month/Day/Year
ARREST              _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶   Month/Day/Year
TO U.S. CUSTODY      _____

FILED
JAN 09 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:
_____

Comments:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

*United States v. Thao, et al.*

## PENALTY SHEET
## ANDRE JONES

COUNT ONE:

18 U.S.C. § 371 – Conspiracy

Maximum penalties:  Five years imprisonment

Three years supervised release

$250,000 fine

$100 special assessment

COUNT TWO:

18 U.S.C. § 666(a)(1)(B) - Bribery Concerning Programs Receiving Federal Funds

Maximum penalties:  Ten years imprisonment

Three years supervised release

$250,000 fine

$100 special assessment

COUNT FOUR:

18 U.S.C. § 1349 – Conspiracy

Maximum penalties:  Twenty years imprisonment

Three years supervised release

$250,000 fine

$100 special assessment

COUNTS FIVE, SIX & SEVEN:

18 U.S.C. §§ 1341, 1343, 1346 – Honest Services Mail Fraud and Wire Fraud

Maximum penalties:  Twenty years imprisonment

Three years supervised release

$250,000 fine

$100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

Count 1 - 18 U.S.C. § 371 - Conspiracy
Count 3 - 18 U.S.C. § 666(a)(2) - Bribery Concerning
Programs Receiving Federal Funds
Count 4 - 18 U.S.C. § 1349 - Conspiracy
Counts 5-7 - 18 U.S.C. § 1341, 1343, 1349 - Honest Services
Mail and Wire Fraud

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:    See attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

—— DEFENDANT - U.S ——

▶ David Trung Duong

DISTRICT COURT NUMBER

CR 25 0003    YGR

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.
}

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.
}

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form     Patrick Robbins
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Abe Fine & Molly Priedeman

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED
JAN 0 9 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction        ☐ Federal ☐ State
}
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    } If "Yes"
been filed?  ☐ No       give date filed

DATE OF ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

*United States v. Thao, et al.*

## PENALTY SHEET
## DAVID TRUNG DUONG

COUNT ONE:

    18 U.S.C. § 371 – Conspiracy

    Maximum penalties:  Five years imprisonment

                         Three years supervised release

                         $250,000 fine

                         $100 special assessment

COUNT THREE:

    18 U.S.C. § 666(a)(2) - Bribery Concerning Programs Receiving Federal Funds

    Maximum penalties:  Ten years imprisonment

                         Three years supervised release

                         $250,000 fine

                         $100 special assessment

COUNT FOUR:

    18 U.S.C. § 1349 – Conspiracy

    Maximum penalties:  Twenty years imprisonment

                         Three years supervised release

                         $250,000 fine

                         $100 special assessment

COUNTS FIVE, SIX & SEVEN:

    18 U.S.C. §§ 1341, 1343, 1346 – Honest Services Mail Fraud and Wire Fraud

    Maximum penalties:  Twenty years imprisonment

                         Three years supervised release

                         $250,000 fine

                         $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

Count 1 - 18 U.S.C. § 371 - Conspiracy
Count 3 - 18 U.S.C. § 666(a)(2) - Bribery Concerning
Programs Receiving Federal Funds
Count 4 - 18 U.S.C. § 1349 - Conspiracy
Counts 5-7 - 18 U.S.C. § 1341, 1343, 1349 - Honest Services
Mail and Wire Fraud
Count 8 - 18 U.S.C. § 1001(a)(2) - False Statements

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:  See attached.

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |
| OAKLAND DIVISION |

— DEFENDANT - U.S —

▸ Andy Hung Duong

DISTRICT COURT NUMBER

CR 25 0003 YGR

— PROCEEDING —

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

}

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

MAGISTRATE
CASE NO.

}

Name and Office of Person
Furnishing Information on this form _____ Patrick Robbins

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) _____ Abe Fine & Molly Priedeman

— DEFENDANT —

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▸ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes    If "Yes"
been filed?   ☐ No     give date filed _____

DATE OF
ARREST ▸      Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▸   Month/Day/Year
TO U.S. CUSTODY _____

FILED
JAN 09 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

Comments:

Bail Amount: No Bail

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

*United States v. Thao, et al.*

## PENALTY SHEET
## ANDY HUNG DUONG

COUNT ONE:

18 U.S.C. § 371 – Conspiracy

Maximum penalties:  Five years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNT THREE:

18 U.S.C. § 666(a)(2) - Bribery Concerning Programs Receiving Federal Funds

Maximum penalties:  Ten years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNT FOUR:

18 U.S.C. § 1349 – Conspiracy

Maximum penalties:  Twenty years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNTS FIVE, SIX & SEVEN:

18 U.S.C. §§ 1341, 1343, 1346 – Honest Services Mail Fraud and Wire Fraud

Maximum penalties:  Twenty years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

COUNT EIGHT:

18 U.S.C. § 1001(a)(2) – False Statements

Maximum penalties:  Five years imprisonment
Three years supervised release
$250,000 fine
$100 special assessment

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG



FILED
09-KH
JAN 10 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

CR 25 0003    YGR

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 371 – Conspiracy;
18 U.S.C. §§ 666(a)(1)(B) and (a)(2) – Bribery Concerning Programs Receiving Federal Funds,
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 1349 – Conspiracy;
18 U.S.C. §§ 1341, 1346 – Honest Services Mail Fraud; 18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. §§ 1343, 1346 – Honest Services Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 1001(a)(2) – False Statements;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

_____
Foreman

Filed in open court this 9th _____ day of

January, 2025 _____.

_____ Clerk

1/9/2025

Bail, $ Arrest Warrant

Hon. Kandis A. Westmore, U.S. Magistrate Judge

PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

**FILED**

JAN -9 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO,<br>ANDRE JONES,<br>DAVID TRUNG DUONG, and<br>ANDY HUNG DUONG,<br><br>Defendants. | CASE NO.<br><br>VIOLATIONS:<br>18 U.S.C. § 371 – Conspiracy;<br>18 U.S.C. §§ 666(a)(1)(B) and (a)(2) – Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 1349 – Conspiracy;<br>18 U.S.C. §§ 1341, 1346 – Honest Services Mail Fraud; 18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. §§ 1343, 1346 – Honest Services Wire Fraud; 18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 1001(a)(2) – False Statements;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>OAKLAND VENUE |

I N D I C T M E N T

The Grand Jury charges:

At all times relevant to this Indictment:

Overview

1.      Leading up to the 2022 Oakland mayoral election, and following her election as mayor, SHENG THAO engaged in a corrupt relationship with her partner ANDRE JONES, and local

INDICTMENT

businessmen, defendants DAVID DUONG and ANDY DUONG. As part of the corrupt relationship, THAO promised to take official actions as mayor of Oakland to benefit D. DUONG and A. DUONG in exchange for various benefits to THAO and JONES. Among other acts, THAO promised to commit the City of Oakland to purchase housing units from D. DUONG and A. DUONG's housing company, to extend the contract for D. DUONG and A. DUONG's recycling company, and to appoint senior city officials selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, a local businessman and longtime associate of D. DUONG and A. DUONG. In exchange, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 promised to pay $75,000 to fund negative mailers targeting THAO's opponents in the mayoral election and to make $300,000 in direct payments for a no-show job to JONES for the benefit of THAO and JONES.

2. In furtherance of the corrupt relationship, D. DUONG and A. DUONG spent $75,000 to fund a negative mailer in support of THAO's campaign. Following the mayoral election, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 paid $95,000 to JONES for the benefit of JONES and THAO, with the promise of additional payments. Once in office, THAO took steps to carry out her end of the corrupt arrangement, including using her influence to help appoint a high-level City of Oakland official selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, as well as other steps to benefit D. DUONG and A. DUONG's housing company and recycling company.

Relevant Individuals and Entities

3. Defendant SHENG THAO ("THAO") was an elected public official employed by the City of Oakland. THAO was elected mayor of Oakland in November 2022 and took office in January 2023. From 2019 until she was elected mayor, THAO served as a member of the Oakland City Council.

4. Defendant ANDRE JONES ("JONES") was THAO's longtime romantic partner. THAO and JONES resided together in Oakland.

5. David Duong ("D. DUONG") was the president and CEO of a recycling company ("Recycling Company") serving the East and South Bay communities. Through contracts with the City of Oakland, Recycling Company provided residential recycling collection services to Oakland households. D. DUONG was also the chairman and co-owner of a company ("Housing Company") formed in 2022 to develop and manufacture prefabricated modular homes.

INDICTMENT                                         2

6.      Andy Duong ("A. DUONG") was an employee of Recycling Company and is D. DUONG's son.  A. DUONG was also a founder and co-owner of Housing Company.

7.      CO-CONSPIRATOR 1 was an active member of the Oakland political community and a local businessman.  CO-CONSPIRATOR 1 was also a founder and co-owner of Housing Company.

8.      Housing Company was an Oakland-based company formed to develop and manufacture prefabricated modular homes for unsheltered individuals.  A. DUONG and CO-CONSPIRATOR 1 were founders of Housing Company.  D. DUONG was the Chairman of Housing Company.  Housing Company received approximately $1.4 million in funding from entities associated with D. DUONG.

9.      Oakland is a municipality located in the Northern District of California.  Oakland received more than $10,000 in benefits from Federal programs during relevant one-year periods including during periods from July 1, 2021 to June 30, 2022 and from July 1, 2022 to June 30, 2023.

<u>Defendants Engaged in a Corrupt Scheme and Illegal Conspiracy</u>

10.     Beginning in the lead up to the 2022 Oakland mayoral election, and continuing into 2024, THAO, JONES, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 engaged in a bribery and corruption scheme, and conspiracy to bribe THAO and obtain her commitment to use her position to influence city transactions and undertake certain official acts.

11.     Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, THAO, JONES, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 also devised a scheme and artifice to defraud and deprive the citizens of the City of Oakland and the City of Oakland of the right to the honest and faithful services of THAO, the mayor of Oakland, through bribery and the concealment of material information.  THAO, JONES, D. DUONG, A. DUONG, CO-CONSPIRATOR 1, and others, known and unknown to the Grand Jury, also conspired to commit honest services mail and wire fraud.

12.     Specifically, a few weeks before the election, THAO committed to take official acts that would benefit Housing Company and Recycling Company if she became mayor in exchange for various benefits to THAO and JONES.  Among other aspects of the arrangement, THAO agreed to use her position as mayor to cause the City of Oakland to purchase housing units from Housing Company, to ensure an extension of Recycling Company's contract with the City of Oakland, and to give D.

INDICTMENT                                     3

DUONG, A. DUONG, and CO-CONSPIRATOR 1 influence over the appointment of city officials. In exchange for these commitments, THAO and JONES received benefits from D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, including a negative political mailer campaign funded by Recycling Company to help THAO's mayoral campaign and a promise of $300,000 in direct payments to JONES in the guise of a no-show job meant to benefit THAO and JONES.

13. Defendants THAO, JONES, D. DUONG, and A. DUONG, along with CO-CONSPIRATOR 1 and others known and unknown to the Grand Jury, agreed and conspired to engage in a bribery scheme that began in or about October 2022. Each of the defendants joined the conspiracy knowing that that one object of the conspiracy was to give, offer, and agree to offer bribes and benefits to THAO and JONES with an intent to influence business and transactions of the City of Oakland. Each of the defendants joined the conspiracy knowing that another object of the conspiracy was to solicit, demand, and accept bribes with an intent that THAO would influence business and transactions of the City of Oakland.

14. As part of the defendants' corrupt agreement, Recycling Company sent $75,000 to CO-CONSPIRATOR 1 for the purpose of designing, printing, and circulating the negative mailers in support of THAO's campaign. After THAO won the mayoral election, the payments from D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 to JONES began: $20,000 in December 2022 and January 2023; an additional $5,000 in early April 2023; and two $35,000 checks in April and November 2023; for a total of $95,000. Once in office, THAO took steps to benefit D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, including using her influence to help appoint a high-level city official and taking other steps to benefit Housing Company and Recycling Company.

15. Defendants THAO, JONES, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 concealed their scheme by among other things: (1) making payments to JONES at THAO's direction to avoid a paper trail to THAO; (2) misrepresenting that JONES had a legitimate job with Housing Company to mask the bribery payments; (3) creating false invoices for payments from Recycling Company in furtherance of the bribery scheme; and (4) failing to disclose benefits received on California Form 700s.

INDICTMENT                                        4

Initiation of the Bribery Scheme Prior to the 2022 Mayoral Election

16.     On or about October 7, 2022, CO-CONSPIRATOR 1 met with THAO and discussed an arrangement under which THAO agreed to exert her influence in several official transactions and commit official acts if she became mayor, including the City of Oakland's purchase of housing units from Housing Company.  Under the arrangement, THAO agreed to take these steps and official acts in exchange for various benefits to THAO, including the funding and execution of a negative political mailer campaign against THAO's political opponents, and direct financial payments to JONES.

17.     Shortly after the meeting, CO-CONSPIRATOR 1 messaged A. DUONG and described the meeting he had with THAO:

| | |
|---|---|
| CO-CONSPIRATOR 1: | Meet [sic] with Sheng |
| CO-CONSPIRATOR 1: | She will buy 100 units |
| CO-CONSPIRATOR 1: | If mayor |
| CO-CONSPIRATOR 1: | One catch |
| A. DUONG: | Guaranteed? |
| CO-CONSPIRATOR 1: | Guarantee |
| CO-CONSPIRATOR 1: | $30 million contract for 100 units |
| A. DUONG: | Ok |
| CO-CONSPIRATOR 1: | $300k contract |
| A. DUONG: | Need to get close with [Individual] too for you |
| A. DUONG: | Your chance is here |
| CO-CONSPIRATOR 1: | Yeah |
| CO-CONSPIRATOR 1: | Sheng is going to call you re $$ |
| A. DUONG: | Lol |
| A. DUONG: | What money? |
| CO-CONSPIRATOR 1: | She needs she said |
| CO-CONSPIRATOR 1: | I said you are committees |
| CO-CONSPIRATOR 1: | Committed |
| CO-CONSPIRATOR 1: | But she will call you heads up |

INDICTMENT                                    5

A. DUONG:            Are you sure?

CO-CONSPIRATOR 1:   Pretty certain

CO-CONSPIRATOR 1:   110 percent

18.    On or about October 8, 2022, THAO sent CO-CONSPIRATOR 1 a text message containing JONES' phone number, after which JONES and CO-CONSPIRATOR 1 began communicating through text messages and phone calls.

19.    On or about October 11, 2022, CO-CONSPIRATOR 1, A. DUONG, and THAO met in person at a fundraiser for THAO where they further discussed and finalized the bribery scheme.  During that conversation, THAO agreed with A. DUONG and CO-CONSPIRATOR 1 that if she became mayor, she would commit the following official acts: (1) she would cause the City of Oakland to purchase housing units from Housing Company; (2) she would use her influence to help appoint CO-CONSPIRATOR 1 and A. DUONG's choices for Director-level political appointees for the City; (3) and she would extend Recycling Company's recycling contract.  In exchange, A. DUONG and CO-CONSPIRATOR 1 agreed to produce and finance a negative mailer campaign targeting THAO's opponents in the 2022 mayoral election and to pay $300,000 to THAO's longtime partner JONES for a no-show job at Housing Company.  During this meeting, THAO agreed to send CO-CONSPIRATOR 1 various materials to help with the negative mailer campaign.

<u>Recycling Company Funds the Negative Mailer Campaign</u>

20.    After the October 11, 2022, meeting, D. DUONG agreed to contribute $75,000 in support of a negative mailer campaign in support of THAO.  On or about October 12, 2022, CO-CONSPIRATOR 1 reached out to a local print shop to initiate the commission of negative mailers targeting THAO's opponents in the mayoral race.

21.    On or about October 12, 2022, THAO sent text messages to JONES, which stated: "Hey do you have what [CO-CONSPIRATOR 1] needs? He's asking for it" and "Pls pls connect with him."

22.    On or about October 17, 2022, a $75,000 check from Recycling Company was deposited into CO-CONSPIRATOR 1's bank account to pay for the mailers.

23.    On or about November 1, 2022, negative mailers commissioned by

INDICTMENT                                    6

CO-CONSPIRATOR 1 were sent out to Oakland voters targeting THAO's main opponents in the election. That same day, CO-CONSPIRATOR 1 sent text messages to THAO and JONES with links to a website associated with his negative mailer campaign.

24. The mayoral election was held on November 8, 2022. THAO was declared the winner on or about November 21, 2022. She was inaugurated and took office on or about January 9, 2023.

### After the Election the Bribery Scheme Continues

25. On or about November 18, 2022, A. DUONG and CO-CONSPIRATOR 1 exchanged messages regarding the mayoral election. When it became evident that THAO was going to win the mayoral race and that another individual was winning the race to be Alameda County District Attorney, CO-CONSPIRATOR 1 texted "So we may go to jail… But we are $100 million dollars richer." A. DUONG replied, "Money buys everything" and CO-CONSPIRATOR 1 replied, "You are right!... Plus we have a 10 year extension to [Recycling Company]."

26. On or about December 7, 2022, THAO, JONES, A. DUONG, and CO-CONSPIRATOR 1 met at a restaurant in San Leandro, California ("December 7 meeting") to further discuss the bribery scheme. During this meeting, THAO and JONES requested that A. DUONG and CO-CONSPIRATOR 1 begin making payments to JONES.

27. Within days of the December 7 meeting, CO-CONSPIRATOR 1 began writing checks to JONES in furtherance of the bribery scheme. On or about December 14, 2022, JONES cashed a $2,500 check drawn from CO-CONSPIRATOR 1's bank account. On or about December 19, 2022, JONES deposited a $5,000 check from CO-CONSPIRATOR 1's bank account. On or about December 22, 2022, JONES cashed a $2,500 check from CO-CONSPIRATOR 1's bank account. On or about January 4, 2023, JONES deposited a $5,000 check from CO-CONSPIRATOR 1's bank account.

28. On or about December 14, 2022, CO-CONSPIRATOR 1 messaged A. DUONG and said "I gave the $20 k to Andre Jones as a loan – FYI."

29. On or about January 23, 2023, JONES deposited another $5,000 check from CO-CONSPIRATOR 1's bank account.

### March 9, 2023 Meeting

30. On or about March 9, 2023, THAO, JONES, D. DUONG, A. DUONG, and

INDICTMENT                                    7

CO-CONSPIRATOR 1 attended a dinner meeting at a restaurant in Berkeley, California ("March 9 meeting"). During the meeting, THAO asked for additional money upfront in furtherance of the bribery scheme and the parties discussed an updated arrangement whereby JONES would receive up to $3 million dollars, instead of the $300,000 as originally agreed, if Oakland purchased 300 housing units from Housing Company. During the meeting, THAO proposed using the City of Oakland's emergency powers to make it easier to buy the housing units on behalf of Oakland, without needing to use a competitive bidding process.

31.     On or about March 26, 2023, CO-CONSPIRATOR 1 and A. DUONG messaged regarding the bribery agreement that had been discussed with THAO, JONES, and D. DUONG at the March 9 meeting. During this text exchange, CO-CONSPIRATOR 1 sent to A. DUONG the following summary of the agreement to A. DUONG:

> Deal Points for Sheng Thao :: Election :: Post Election ::
>
> We will invest $75k cash to hit voters with mailers – [Recycling Company]
>
> We will advance $40k cash to complete mailers, design and website – [CO-CONSPIRATOR 1] – we may recover in the future
>
> We produced and sent mailers for 68,000 households x 3
>
> We produce websites / TaylorFraud.com and StopIgnacio.com
>
> For:
>
> The purchase of 300 of our modular units at a price point of $300,000 each FOB at Oakland
> AJ will be part of development team paid $300k flat on sale of units – contract maybe renew for other clients
> We will get a 10 year extension for [Recycling Company] from Mayor staff
> We will get land deal at Army base done from Mayor staff
> One appointment to Port of Oakland commission
> Appointments to 1. Public Works 2. Building and Permits 3. Housing and 4. City administrators office

32.     After sending the above message, CO-CONSPIRATOR 1 messaged A. DUONG and said "… Am I missing some thing?" and then CO-CONSPIRATOR 1 wrote "We are missing communications assignments." In response, A. DUONG wrote, "Not missing" and "All right," confirming the contents of the message as the terms of the arrangement. CO-CONSPIRATOR 1 then asked if they should share the summary of the arrangement with "David," a reference to D. DUONG,

INDICTMENT                                          8

and A. DUONG responded and said that "David knows already," and that A. DUONG had shared it with him numerous times.

<u>JONES Receives Additional Payments from the Co-Conspirators</u>

33. On or about April 4, 2023, JONES deposited a $5,000 check from CO-CONSPIRATOR 1's bank account.

34. On or about April 11, 2023, CO-CONSPIRATOR 1 sent A. DUONG a message that read "Compensation Package for [Housing Company] – AJ Systems Solutions." The message went on to say:

> [Housing Company] will pay consultant:
>
> A draw against future earnings of $35,000 USD within 7 days of completion of mutually agreed independent contractor agreement.
>
> Recognition of prior draws in the amounts of $5,000 and $20,000 for a total of $25,000 were paid towards the future earnings.
>
> For successful completion in the sale of up to 300 units of housing a payment of $300,000 minus prior draws as a base payment.
>
> Additionally, for successful sales of units at a price point of $299,000 or more would earn a bonus of $10,000 per unit sold and due to you due and payable to you for each 100 units sold by the company on units you assisted for such sale. The bonus requires the sale of 300 units and the sales price of $299,000 or above to qualify.

35. On or about April 16, 2023, D. DUONG and JONES met in person. On or about April 18, 2023, D. DUONG messaged CO-CONSPIRATOR 1 and A. DUONG and told CO-CONSPIRATOR 1 to "please call AJ tell him we just finished out meeting and we decided to give home [sic] what he asked you for but he need to sign before fund."

36. On or about April 28, 2023, JONES deposited a $35,000 check drawn from Housing Company's bank account, and the deposit of that check caused the interstate transmission of wire communications.

<u>THAO Influenced the Appointment of a City Official</u>

37. In or around the fall of 2022, CO-CONSPIRATOR 1 began discussing City Employee 1 with A. DUONG and THAO as a potential candidate for a high-level position within the City of Oakland, pursuant to the bribery deal negotiated with THAO. A. DUONG and CO-CONSPIRATOR 1

INDICTMENT                                    9

wanted City Employee 1 to obtain a high-level position within the City of Oakland because they believed City Employee 1 could help obtain funding for Housing Company and benefit Recycling Company.

38.     On or about January 28, 2023, THAO called City Employee 1 and they spoke for over five minutes.

39.     On or about February 6, 2023, CO-CONSPIRATOR 1 and A. DUONG exchanged text messages regarding City Employee 1. CO-CONSPIRATOR 1 messaged A. DUONG and asked for dates to "Have [City Employee 1] come to have lunch at [Recycling Company] with [D. DUONG] and Family if you wish to have him" and "Take [City Employee 1] to party." Later the same day, CO-CONSPIRATOR 1 said, "He needs to say that he is on board with [Recycling Company]. . . . And the appointment is the direct result of the lobbying taking place." CO-CONSPIRATOR 1 later said, "[Recycling Company] extension and Army Base deal are priorities he said he knows and will deliver." That same day, A. DUONG asked CO-CONSPIRATOR 1 what positions City Employee 1 held before working at the city and asked CO-CONSPIRATOR 1 whether City Employee 1 had "asked for the appointment," or whether CO-CONSPIRATOR 1 just "wanted him." CO-CONSPIRATOR 1 stated that "I wanted him because while at the City he make [sic] sure my projects got done and grants were given to me."

40.     On or about February 16, 2023, City Employee 1 met with D. DUONG, A. DUONG, and another member of the Duong family at the Recycling Company offices, followed by a lunch. On or about February 17, 2023, City Employee 1 attended a dinner with CO-CONSPIRATOR 1 and A. DUONG.

41.     On or about February 23, 2023, CO-CONSPIRATOR 1 messaged City Employee 1 and said, "Good meeting today with Andre Jones about you today." Phone records indicate that CO-CONSPIRATOR 1 and JONES spoke earlier that same day.

42.     During the March 9 meeting, THAO discussed appointing City Employee 1 to be the Director of the City of Oakland's Housing and Community Development Department (HCD). The night of the March 9 meeting, THAO called the City of Oakland's Interim City Administrator ("Interim City Administrator"). On March 10, 2023 the Interim City Administrator appointed City Employee 1 to be

INDICTMENT                                        10

the Interim Deputy Director of HCD.

43.    THAO took active steps to advocate for and ultimately influence City Employee 1's appointment to a high-level position within the City of Oakland.  The City Administrator of Oakland has the ultimate authority to appoint certain city department officials.  However, under the Oakland City Charter, the Mayor is entitled to appoint and remove the City Administrator and "give direction to the City Administrator."  In practice, the Mayor frequently expresses opinions and recommendations to the City Administrator regarding hiring decisions, including appointments for department officials.

44.    Beginning in early 2023, THAO expressed to the Interim City Administrator and a member of her staff (City Employee 2) that she wanted City Employee 1 to be appointed to a director level position within the administration.  The Interim City Administrator did not believe the experience of City Employee 1 qualified that person for a director-level position.  However, based on THAO's influence and direction, the Interim City Administrator appointed City Employee 1 as the Interim Deputy Director of HCD.

THAO Meets with Housing Company Representatives

45.    On or about April 14, 2023, a Housing Company employee (HC Employee) emailed and text messaged THAO requesting a meeting to discuss Housing Company.  On or about April 28, 2023, HC Employee sent another email asking to schedule a meeting.  THAO forwarded the email from HC Employee to her scheduler and City Employee 2 and asked her scheduler to set up a virtual meeting with HC Employee to discuss Housing Company.  On or about May 30, 2023, THAO attended a virtual meeting to discuss Housing Company with HC Employee and City Employee 2.

THAO Travels to Vietnam with D. DUONG and A. DUONG

46.    In approximately late July and early August 2023, a business association closely connected to D. DUONG and A. DUONG (Business Association) hosted a trade delegation trip to Vietnam.  Business Association has close ties with Recycling Company and the DUONGs, and has received funding from entities associated with the DUONGs.  D. DUONG is the Chairman of Business Association, and Business Association shares an office space with Recycling Company.  D. DUONG, A. DUONG, THAO, JONES, and a number of other public officials from the Bay Area attended the trip.

47.    The Port of Oakland reimbursed Business Association for a portion of the expenses

INDICTMENT                                11

associated with THAO's trip, which included business class airfare, several nights in hotels, and money for meals. Sponsors associated with Business Association paid for approximately $4,000 in expenses related to THAO's trip, which it labeled as a "discount" for THAO's trip. Sponsors associated with Business Association also paid for JONES and another family member's trips, as well as several City employees invited by THAO, the cost of which totaled tens of thousands of dollars.

November 28, 2023 Housing Company Board Meeting

48.    On or about November 28, 2023, during a meeting of the members of the board of Housing Company, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 discussed the bribery arrangement with THAO and JONES. The conversation was recorded.

49.    During the meeting, D. DUONG stated that he had talked to THAO and she wasn't ready to purchase the housing units from Housing Company yet, and instead was waiting for another government entity to order first. CO-CONSPIRATOR 1 stated that this did not accord with the deal that had been made between THAO, JONES, D. DUONG, A. DUONG and CO-CONSPIRATOR 1. D. DUONG responded that "the deal is the deal," but went on to tell CO-CONSPIRATOR 1 that if he wanted THAO to deliver, he needed to help her make that happen so she did not have any "liability" or "trouble" later. D. DUONG went on to say that "It's not because I promise you, so yah I will go to jail for this. You know that. People don't promise and die because of their promise." Later D. DUONG stated that although THAO wasn't going to "make the first move," she was going to "keep her promise." D. DUONG further stated that he asked THAO to get the Oakland City Administrator ("City Administrator") to visit Housing Company and said that THAO responded "yes, anytime." Specifically, D. DUONG said: "I asked her to get [City Administrator] down here and she said yes, anytime. That means she has that input. She has control."

JONES Receives an Additional $35,000 Check from Housing Company

50.    One day after the Housing Company board meeting on November 28, 2023, on November 29, 2023, D. DUONG and JONES met in person. The same day, JONES deposited into his bank account an additional $35,000 check from Housing Company, and the deposit of that check caused the interstate transmission of wire communications.

INDICTMENT                                12

THAO Directs the Oakland City Administrator to Visit Housing Company

51.    On or about October 26, 2023, THAO called D. DUONG and they had an approximately seven-minute call.  On or about October 31, 2023, THAO messaged D. DUONG and the City Administrator.  THAO introduced D. DUONG and the City Administrator and told the City Administrator that D. DUONG would like to have a meeting with him.  Following the introduction, D. DUONG and City Administrator had an introductory phone call.

52.    In approximately November 2023, THAO told City Administrator to reach out to D. DUONG again.  On or about November 17, 2023, City Administrator messaged D. DUONG and asked to meet with him in early December.

53.    On or about January 4, 2024, THAO messaged City Administrator and directed him to set up a time to visit Housing Company.  City Administrator toured Housing Company on or about January 7, 2024.  D. DUONG and CO-CONSPIRATOR 1 were present during City Administrator's tour.

THAO Benefitted from the Payments to JONES

54.    In total, between December 2022 and November 2023, JONES received a total of $95,000 from CO-CONSPIRATOR 1 and Housing Company.

55.    THAO benefitted from these payments to JONES.  Financial records indicate that from approximately December 2021 through April 2022, THAO paid the monthly rent for THAO and JONES's shared residence.  From approximately May 2022 to December 2022, before JONES began receiving payments as a result of the bribery scheme, THAO and JONES both contributed to the monthly rent payments.  Starting in January 2023, soon after JONES began receiving payments from CO-CONSPIRATOR 1, and through at least June 2024, JONES paid the entirety of their rent.  In addition, beginning in January 2023, JONES increased his contribution to, or paid the entirety of, shared bills with THAO, including household utility bills and mobile phone bills.

A. DUONG Lies to Federal Agents

56.    On or about June 20, 2024, A. DUONG participated in an approximately three-hour interview with agents from the Federal Bureau of Investigation (FBI).  The agents told A. DUONG at the beginning of the interview that it was a crime to lie to the FBI.

57.    During the interview, FBI agents asked A. DUONG on three separate occasions if he was

INDICTMENT                                          13

aware of any payments made to JONES from Housing Company or people associated with Housing Company. Each time, A. DUONG answered that he had no knowledge of JONES ever receiving payments from Housing Company or anyone associated with Housing Company. A. DUONG also told agents that he never spoke to JONES regarding Housing Company, and that he does not "deal with Andre Jones for anything." These statements made to the agents were false, and A. DUONG knew that CO-CONSPIRATOR 1 and Housing Company had made several payments to JONES.

58. At the end of the interview, A. DUONG was again told that it was a crime to lie to the FBI and asked if he wanted to correct anything. He declined to do so.

COUNT ONE:          (18 U.S.C. § 371 – Conspiracy)

59. Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

60. Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, the defendants,

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

did knowingly and intentionally conspire with each other, CO-CONSPIRATOR 1, and others, known and unknown to the Grand Jury, to commit offenses against the United States, namely to commit bribery of an official of a local government that received funds under a federal program in violation of Title 18, United States Code, Sections 666(a)(1)(B) and (a)(2).

61. It was a part and an object of the conspiracy that THAO and JONES, and others known and unknown to the Grand Jury, directly and indirectly, would and did corruptly solicit, demand, accept, and agree to accept a thing of value from any person, intending to be influenced in connection with any business, transaction, or series of transactions involving a thing of value of $5,000 or more before the City of Oakland, which, in a one-year period, received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, in violation of 18, United States Code, Section 666(a)(1)(B).

INDICTMENT                                        14

62. It was a further part and an object of the conspiracy that D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, and others known and unknown to the Grand Jury, directly and indirectly, would and did corruptly give, offer, and agree to give a thing of value to THAO, intending to influence THAO in connection with any business, transaction, or series of transactions involving a thing of value of $5,000 or more before the City of Oakland, which, in a one-year period, received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, in violation of 18, United States Code, Section 666(a)(2).

63. To further the conspiracy and effect the objects thereof, THAO, JONES, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, and others, known and unknown to the Grand Jury, committed following overt acts, each in the Northern District of California:

    a. In or around October 2022, A. DUONG and D. DUONG caused a payment of $75,000 from Recycling Company to CO-CONSPIRATOR 1 to fund the negative mailers in support of THAO's mayoral campaign.

    b. In or around October and November 2022, CO-CONSPIRATOR 1 arranged for the production and circulation of negative mailers in support of THAO's mayoral campaign.

    c. On or about November 1, 2022, CO-CONSPIRATOR 1 caused the mailers to be sent, via the United States Postal Service, to residents of Oakland.

    d. In or around December 2022 and January 2023, CO-CONSPIRATOR 1 made payments to JONES totaling $20,000 in furtherance of the bribery scheme.

    e. In or around February and March 2023, THAO exerted her influence as Mayor of Oakland to ensure an individual preferred by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 obtained a high-level position in the City of Oakland Housing and Community Development Department.

    f. On or about April 4, 2023, CO-CONSPIRATOR 1 made a payment of $5,000 to JONES in furtherance of the bribery scheme.

    g. On or about April 28, 2023, Housing Company made a payment of $35,000 to JONES in furtherance of the bribery scheme.

    h. In or around July and August of 2023, THAO attended a trade delegation trip to Vietnam

INDICTMENT                 15

sponsored by Business Association, which was closely associated with D. DUONG and A. DUONG. Business Association sponsored a portion of the expenses associated with THAO's trip and also paid for JONES' trip expenses, as well as the trip expenses for other City of Oakland officials.

    i. On or about October 31, 2023, THAO sent a text message to D. DUONG and City Administrator and encouraged the City Administrator to have further discussions with D. DUONG to further Housing Company' and Recycling Company's business interests.

    j. On or about November 29, 2023, Housing Company made a payment of $35,000 to JONES in furtherance of the bribery scheme.

    k. On or about January 5, 2024, THAO instructed City Administrator to take a tour of Housing Company. On or about January 7, 2024, D. DUONG hosted City Administrator for the tour of Housing Company.

    l. On or about May 14, 2024, D. DUONG signed and sent a letter to the City of Oakland seeking a 10-year extension of the contract between the City and Recycling Company.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO:    (18 U.S.C. § 666(a)(1)(B) – Bribery Concerning Programs Receiving Federal Funds); (18 U.S.C. § 2 – Aiding and Abetting)

64.    Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

65.    Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, the defendants,

SHENG THAO, and
ANDRE JONES,

did corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from any person, intending for THAO, as mayor of the City of Oakland, to be influenced and rewarded in connection with any business, transaction, or series of transactions involving a thing of value of $5,000 or more before the City of Oakland, which, in a one-year period, received benefits in

INDICTMENT              16

excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, and did abet and abet the same offense.

66.     Specifically, THAO and JONES solicited and accepted things of value from another person, including but not limited to $95,000 in payments made to JONES with the promise of additional payments and the benefit of a negative mailer campaign costing approximately $75,000 in support of THAO's mayoral campaign, such benefits and payments intended to influence THAO, including in connection with City of Oakland business and transactions involving the purchase of housing units from Housing Company, the appointment of preferred candidates to official positions, and the extension of Recycling Company's contract with the City of Oakland.

All in violation of 18, United States Code, Sections 666(a)(1)(B) and 2.

<u>COUNT THREE</u>:     (18 U.S.C. § 666(a)(2) – Bribery Concerning Programs Receiving Federal Funds); (18 U.S.C. § 2 – Aiding and Abetting)

67.     Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

68.     Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, the defendants,

DAVID TRUNG DUONG, and
ANDY HUNG DUONG

corruptly gave, offered, and agreed to give anything of value to any person, with intent to influence or reward an agent of a local government, to wit, the City of Oakland, in connection with any business, transaction, or series of transactions involving a thing of value of $5,000 or more before the City of Oakland, which, in a one-year period, received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance. Specifically, D. DUONG and A. DUONG gave, offered, and agreed to give, including but not limited to, $95,000 in payments with the promise of additional payments and the benefit of a negative mailer campaign costing approximately $75,000 in support of THAO's mayoral campaign with the intent to influence THAO in the City of Oakland's purchase of housing units from Housing Company, the

INDICTMENT                              17

appointment of preferred candidates to official positions, and the extension of Recycling Company's contract with the City of Oakland.

All in violation of 18, United States Code, Sections 666(a)(2) and 2.

COUNT FOUR:    (18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Mail Fraud and Honest Services Wire Fraud)

69.    Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

70.    Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, the defendants,

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

did knowingly conspire and agree with each other and CO-CONSPIRATOR 1, and others known and unknown to the Grand Jury, to commit honest services mail fraud and wire fraud, and was a part and an object of the conspiracy that the conspirators, having devised and intended to devise a scheme and artifice to defraud and deprive the people of Oakland of their intangible right to THAO's honest services as Mayor of Oakland through bribery in breach of THAO's fiduciary duty, would and did place and cause items to be placed in an authorized depository for mail to be sent and delivered by the United States Postal Service, in violation of Title 18 United States Code, Sections 1341 and 1346, and transmitted and caused to be transmitted wire communications in interstate commerce for the purpose of executing the scheme and artifice to defraud in violation of Title 18 United States Code, Sections 1343 and 1346.

All in violation of Title 18, United States Code, Section 1349.

COUNT FIVE:    (18 U.S.C. § 1341 – Honest Services Mail Fraud); (18 U.S.C. § 2 – Aiding and Abetting)

71.    Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

INDICTMENT                                  18

72.     Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, defendants

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

knowingly and with the intent to defraud devised, intended to devise, participated in, and executed a scheme and artifice to defraud the public of its right to the honest services of SHENG THAO as the Mayor of Oakland by means of bribery, kickbacks, materially false and fraudulent pretenses, and the concealment of material facts, and for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, did knowingly deposit and cause items to be deposited in an authorized depository for mail to be sent and delivered by the United States Postal Service, specifically the mailing of negative campaign mailers regarding THAO's opponents in the November 2022 Oakland mayoral election mailed to Oakland residents by U.S. Mail on or about November 1, 2022.

All in violation of Title 18, United States Code, Sections 1341 and 1346.

COUNT SIX: (18 U.S.C. § 1343 – Honest Services Wire Fraud); (18 U.S.C. § 2 – Aiding and Abetting)

73.     Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

74.     Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, defendants

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

knowingly and with the intent to defraud devised, intended to devise, participated in, and executed a scheme and artifice to defraud the public of its right to the honest services of SHENG THAO as the Mayor of Oakland by means of bribery, kickbacks, materially false and fraudulent pretenses, and the concealment of material facts, and for the purpose of executing the aforementioned scheme and artifice

INDICTMENT                                          19

to defraud and attempting to do so, transmitted and caused to be transmitted wire communications in interstate commerce for the purpose of executing the scheme and artifice to defraud, specifically interstate wire transmissions caused by the deposit of a $35,000 check made out to JONES drawn on a Housing Company bank account on or about April 28, 2023.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNT SEVEN:      (18 U.S.C. § 1343 – Honest Services Wire Fraud); (18 U.S.C. § 2 – Aiding and Abetting)

75.    Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

76.    Beginning on an unknown date, but no later than October 7, 2022, and continuing through at least on or about June 20, 2024, in the Northern District of California and elsewhere, defendants

SHENG THAO,<br>
ANDRE JONES,<br>
DAVID TRUNG DUONG, and<br>
ANDY HUNG DUONG,

knowingly and with the intent to defraud devised, intended to devise, participated in, and executed a scheme and artifice to defraud the public of its right to the honest services of SHENG THAO as the Mayor of Oakland by means of bribery, kickbacks, materially false and fraudulent pretenses, and the concealment of material facts, and for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted wire communications in interstate commerce for the purpose of executing the scheme and artifice to defraud, specifically interstate wire transmissions caused by the deposit of a $35,000 check made out to JONES drawn on a Housing Company bank account on or about November 29, 2023.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

COUNT EIGHT:      (18 U.S.C. § 1001(a)(2) – False Statements to a Government Agency)

77.    Paragraphs 1 to 58 are hereby re-alleged and incorporated by reference as if fully set forth herein.

//

INDICTMENT                         20

78. On or about June 20, 2024, in the Northern District of California, the defendant,

ANDY HUNG DUONG

did willfully and knowingly make materially false, fictitious, or fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically an investigation by the Federal Bureau of Investigation, by stating that he had no knowledge of JONES ever receiving payments from Housing Company, that he never spoke to JONES regarding Housing Company, and that he does not "deal with Andre Jones for anything." These statements and representations were false because, as A. DUONG then and there knew, Housing Company had made multiple payments to JONES, Housing Company had entered into a contract with JONES, and A. DUONG had had multiple discussions with JONES regarding Housing Company.

All in violation of 18, United States Code, Section 1001(a)(2).

FORFEITURE ALLEGATION:    (18 U.S.C. § 981 and 28 U.S.C. § 2461)

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461.

79. Upon conviction for any offense set forth above in this Indictment, the defendants,

SHENG THAO,
ANDRE JONES,
DAVID TRUNG DUONG, and
ANDY HUNG DUONG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, constituting or derived from proceeds obtained directly and indirectly as the result of the violation, including but not limited to a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

INDICTMENT          21

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Federal Rule of Criminal Procedure 32.2.

DATED: January 9, 2025                    A TRUE BILL.

_____
FOREPERSON

PATRICK D. ROBBINS
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

/s/
_____
MOLLY K. PRIEDEMAN
ABRAHAM FINE
LLOYD FARNHAM
Assistant United States Attorneys

INDICTMENT                    22