1   PATRICK D. ROBBINS (CABN 152288)
    Attorney for the United States
2   Acting under Authority Conferred by 28 U.S.C. § 515

3   MARTHA BOERSCH (CABN 126569)
    Chief, Criminal Division
4
    ABRAHAM FINE (CABN 292647)
5   MOLLY PRIEDEMAN (CABN 302096)
    LLOYD FARNHAM (CABN 202231)
6   Assistant United States Attorneys

7        1301 Clay Street, Suite 340S
         Oakland, California 94612
8        Telephone: (510) 637-3717
         FAX: (510) 637-3724
9        Abraham.fine@usdoj.gov
         Molly.priedeman@usdoj.gov
10       Lloyd.farnham@usdoj.gov

11  Attorneys for United States of America

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   OAKLAND DIVISION

15

16  UNITED STATES OF AMERICA,          )   Case No. 25-CR-0003-YGR
                                       )
17          Plaintiff,                 )   STIPULATION AND PROTECTIVE ORDER
                                       )   [PROPOSED]
18      v.                             )
                                       )
19                                     )
    SHENG THAO,                        )
20  ANDRE JONES,                       )
    DAVID TRUNG DUONG, and             )
21  ANDY HUNG DUONG,                   )
                                       )
22          Defendants.                )
    _____
23

24          With the agreement of the parties, the Court enters the following Protective Order:

25          Defendants are charged with conspiracy to commit bribery in violation of 18 U.S.C. § 371;

26  bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) or 18

27  U.S.C. § 666(a)(2); conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C.

28  § 1349; honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346; and honest services wire

fraud in violation of 18 U.S.C. §§ 1343, 1346.  Defendant Andy Duong is also charged with one count of making false statements to government agents in violation of 18 U.S.C. § 1001(a)(2).   Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel.  The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information") (Financial account numbers redacted as provided by Fed. R. Crim. P. 49.1(a)(4) are not considered to be "Financial Information."); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify Protected Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.  The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.  Nothing herein shall prevent a defendant from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection.  A defendant shall not be obligated to challenge the propriety of any "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

1    **IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, independent

2   contractors, and employees (collectively, "the defense team") may review all discovery material

3   produced by the government. The defense team and the defendant may not provide copies of, or

4   otherwise disclose, any discovery material produced by the government that contains Protected

5   Information to any party or non-expert witness unless the Protected Information has first been entirely

6   redacted from the discovery materials, except as set forth below. The defendant may be provided

7   electronic copies of all discovery materials, including material that contains unredacted Protected

8   Information, subject to the following limitations: The materials shall be provided on either a separate

9   hard drive, downloaded by the defendant from a file-sharing system controlled by counsel onto a

10   separate hard drive, or accessed and reviewed by the defendant through a secure remote system.

11   Defendant shall not make additional copies of discovery materials containing unredacted Protected

12   Information or allow review or disclosure of such discovery materials to anyone outside the defense

13   team or defendant's counsel in related ancillary proceedings, as described below. The defendant must

14   return the hard drive or delete any digital copies of discovery materials containing unredacted Protected

15   Information at the conclusion of these proceedings and any related ancillary proceedings, as described

16   below. The intent of this provision is to permit the defendant to have access to and the ability to review

17   all discovery materials in the case, but to preserve the confidentiality of Protected Information and the

18   personal and private data of persons other than the defendant that are contained in the discovery

19   materials.

20    Defense counsel may also provide unredacted copies of Protected Information to any experts

21   retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

22   of the defense team, and any experts who receive Protected Information under this Order shall be

23   provided a copy of this Order along with those materials and shall sign and date the order reflecting their

24   agreement to be bound by it.

25    The defense team shall maintain Protected Information safely and securely, and shall exercise

26   reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

27   permitting anyone to see Protected Information except as set forth in this Protective Order.

28    The materials provided pursuant to this protective order may only be used for the specific

STIPULATION AND PROTECTIVE ORDER [PROPOSED]    3
25-CR-0003 YGR

1    purpose of preparing or presenting a defense in this matter or in connection with ancillary proceedings

2    involving (1) these criminal charges or proceedings, (2) civil litigation regarding the events and any

3    defendant in this matter, or (3) administrative or regulatory proceedings involving any defendant, unless

4    such other use is specifically authorized by the Court.

5         This Order shall also apply to any copies made of any materials covered by this Order.

6         **IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team

7    shall provide any discovery material produced by the government—whether or not the material

8    constitutes or contains Protected Information within the meaning of this Order—to any third party (i.e.,

9    any person who is not a member of the defense team in this matter or in ancillary proceedings, or expert

10   working with the defense team) or make any public disclosure of the same, other than in a court filing or

11   as described herein, without the government's express written permission or further order of this Court.

12   Notwithstanding the above, the defense team may show witnesses (and their counsel) discovery material

13   produced by the government in the course of preparing a defense for trial or any related proceedings in

14   this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct,

15   would have seen or had reason to know such discovery material, or (ii) it is otherwise relevant to the

16   defense of the case that the defense team discuss with or show the witness the discovery material.

17   Witnesses may only view discovery material in the presence of the defense team.  No witness or

18   potential witness may retain copies of discovery material after his or her review of those materials with

19   the defense team is complete.

20        **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

21   Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

22   request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

23        **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

24   are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant

25   shall either destroy discovery materials containing Protected Information (including any copies) within

26   30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that

27   the Protected Information will continue being kept under the conditions specified in this Order.  After

28   the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to

destroy documents and materials subject to this Order.  If a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.


**IT IS SO STIPULATED.**

PATRICK D. ROBBINS
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515


Dated: February 4, 2025

___/s/_____
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys


____/s/_____
JEFFREY TSAI
Counsel for Defendant Sheng Thao


____/s/_____
MARK GOLDROSEN
Counsel for Defendant Andre Jones

1

2                                          ___/s/_____

3                                          ED SWANSON
                                           AUGUST GUGELMANN
4                                          Counsel for Defendant David Duong

5

6                                          ___/s/_____
                                           WINSTON CHAN
7                                          DOGULAS SPRAGUE
                                           ERIK BABCOCK
8                                          Counsel for Defendant Andy Duong

9    **IT IS SO ORDERED.**

10                                         _____
     Dated:  February 5, 2025              YVONNE GONZALEZ ROGERS
11                                         United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER [PROPOSED]                                6
25-CR-0003 YGR

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |