1

2   MARK GOLDROSEN (CSBN 101731)          SHAWN HALBERT  (CSBN 179023)
    255 Kansas St Ste 340                 217 Leidesdorff Street
3   San Francisco, CA 94103-5154          San Francisco, California 94111
    Tel: 415-565-9600 | Fax: 415-565-9601 Tel: (415) 515-1570
    Email: markgoldro@aol.com             Email: shawn@shawnhalbertlaw.com
4

5   Attorneys for Defendant
    ANDRÉ JONES

6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                           OAKLAND DIVISION

10

11  UNITED STATES OF AMERICA,          )  CASE NO. 25-CR-0003-YGR
                                       )
12       Plaintiff,                    )  DEFENDANT ANDRE JONES'S NOTICE OF
                                       )  NEWLY-PRODUCED DOCUMENT RELEVANT
13       v.                            )  TO MOTION FOR *FRANKS* HEARING AND FOR
                                       )  SUPPRESSION OF EVIDENCE
14  SHENG THAO, ANDRE JONES,           )
    DAVID TRUNG DUONG, and             )
15  ANDY HUNG DUONG                    )  Hearing Date: March 5, 2026
                                       )  Hearing Time: 10:00 a.m.
16       Defendants.                   )  Court: Hon. Yvonne Gonzalez Rogers
                                       )
17  _____ )

18

19          In connection with his Motion for *Franks* Hearing and Motion for Suppression of Evidence, Dkt.

20  140 (unredacted) and Dkt. 141 (redacted), defendant Andre Jones hereby submits under seal as Exhibit

21  B to his briefing on these motions a document produced by the government on February 19, 2026. As

22  this document was received after defendants' reply briefs were due and filed, the defense submits the

23  document for the Court's review in connection with the March 5, 2026 hearing.

24          In the footnote in which FBI SA Haunold's June 14, 2024 Affidavit briefly described the

25  background of its witness (described by the government as Co-Conspirator No. 1, hereinafter "CCI"),

26  SA Haunold provided the following description of the contents of an Oakland Police Department report

27  he had reviewed that had been created one month before he sought the June 2024 search warrant:

28          "I also reviewed a report from the Oakland Police Department, dated May 2, 2024, in which a
            victim reported that he had loaned [CCI] approximately $250,000, which [CCI] never paid back
            later stated (sic) he would not pay back. To my knowledge, [CCI] has not been arrested for this

1  conduct and no charges have been filed."

2  Affidavit, ¶ 30 n.2 (last two sentences), Dkt. 120-1 (filed under seal).

3  SA Haunold's description of this report in the Affidavit recklessly and/or intentionally

4  mischaracterized the nature and gravity of the May 2, 2024 complaint by the victim. Whereas SA

5  Haunold's description is of an unsupported civil allegation (an alleged failure to repay a loan), the OPD

6  report that SA Haunold reviewed (Ex. B) enumerated two criminal statutory offenses implicated by

7  CCI's actions – a violation of California Penal Code Section 532(a) (obtaining money by false pretenses

8  [over $400]) (a felony), and a violation of California Penal Code Section 653m(a) (harassing or

9  annoying electronic communications) (a misdemeanor). *Id.* As described below, the allegations, if true,

10  also comprised a federal crime.

11  The OPD police report reviewed by SA Haunold (Ex. B) described additional concerning

12  behavior that SA Haunold left out of the Affidavit, an omission of particular importance given the

13  temporal proximity of CCI's activity to the date of the Affidavit. The OPD police report alleged (with

14  supporting documentation) the following: (1) After obtaining and repaying a smaller high-interest loan

15  to the victim, CCI sought a larger loan of $250,000 from the victim, with real property owned by CCI as

16  collateral; CCI sent "lulling" communications to the victim for two years, making excuses for not

17  repaying the loan, and then refused to repay the loan; (2) the victim's loan revealed a new crime

18  involving other victims – the victim discovered that CCI had inflated the value of the property that was

19  supposed to be collateral for victim's loan, from $600,000 to $3 million, and used the inflated value as

20  collateral to secure multiple loans for $3 million dollars from other lenders, leading to a foreclosure by

21  other lenders *when they were not repaid*; (3) when the victim told CCI that the victim was going to file a

22  criminal complaint, CCI told the victim that he knew where the victim's wife worked and threatened to

23  blackmail the victim for alleged unrelated personal behavior; (4) CCI then showed up at the victim's

24  wife's workplace, harassing her in front of her customers and refusing to leave, and making her feel

25  scared; (5) CCI continued to harass the victim with over 100 texts; when the OPD office advised the

26  victim to text CCI and tell him to stop texting, CCI responded with texts that included the admonition to

27  "Stop crying like a bitch," threatened to report the victim to a "federal monitor" and to "unleash a

28  political mailer/text or what ever in the whole of Alameda over you," and warned the victim "Don't fuck

with me." *Id.* Further, SA Haunold recklessly and/or intentionally failed to obtain and review the

supporting documents referenced in/attached to the OPD report and provided by the victim, which

corroborated the victim's statement and contained CCI's texts.[1]

Finally, after confusion in the parties' filings and the government's mistaken belief that SA

Haunold had reviewed a May 2, 2024 OPD report that was *unrelated* to the May 2, 2024 criminal

complaint made to the Alameda County District Attorney's Office,[2] it now appears that SA Haunold did

in fact review the OPD police report concerning the same incident (Ex. B). However, SA Haunold did

not obtain or review the related criminal complaint that the victim told the officer writing the OPD

police report that the victim was going to file, and in fact did file with the Alameda County DA's Office

on the same day the victim reported CCI to the OPD. The victim filed a criminal complaint with the

"Real Estate Fraud unit of the Alameda County District Attorney's Office on 5/2/24 alleg[ing] that the

suspect of the investigation, [CC1], had defrauded victim, [] out of $250,000 when he secured a personal

loan from [victim]" using specific properties described in the Affidavit of David Bettencourt, Inspector

II, Alameda County District Attorney's Office, Consumer Justice Bureau.[3] *See* Dkt. 140 and 141,

Exhibit A. Because he did not obtain or review the related criminal complaint, SA Haunold did not

follow up with Inspector Bettencourt, who took the criminal complaint seriously and conducted a

fulsome investigation beginning on May 20, 2024. It appears from attached Exhibit B that SA Haunold

printed the May 2, 2024 Oakland Police Department report on May 23, 2024, which was three days after

---

[1] This representation is based on communications with the government. By signing this filing, counsel affirms that the statements in this submission are true and correct to the best of her knowledge and belief.

[2] When it filed its opening motion, the defense believed that the May 2, 2024 OPD report about a fraudulent $250,000 loan was the same document as the May 2, 2024 criminal complaint to the Alameda County District Attorney's Office about the fraudulent $250,000 loan referenced in Bettencourt's affidavit (Dkt. 140, Ex. A). In its opposition, the government responded incorrectly that "SA Haunold had a separate OPD report about a separate purported victim (which was disclosed in the affidavit)." Dkt. 151 at 26:1-5. On January 28, 2026, the defense requested that the government explain its statement that there were two complaints by two separate people and followed up with the government on February 19, 2026. Later that day, the government provided the document attached as Exhibit B, which shows that the two May 2, 2024 complaints to OPD and the Alameda County District Attorney's Office concerned the same allegations of criminal fraud and harassment, made by the same victim.

[3] The defense understands that the government does not have the victim's May 2, 2024 complaint to the Alameda County District Attorney's Office and that it has not been produced in discovery.

1  the criminal complaint was assigned to Inspector Bettencourt. Thus, SA Haunold did not discover what

2  Inspector Bettencourt learned between May 20, 2024 and June 14, 2024 (when SA Haunold submitted

3  his Affidavit). Bettencourt's investigation prior to June 14, 2024 included the June 11, 2024 interview of

4  Andy Duong, wherein Duong told Inspector Bettencourt that CC1 had approached them with an idea to

5  build container homes in Mexico for low-cost housing, and that CCI had taken over $1,000,000 and had

6  only delivered two homes, making excuses for not providing receipts or deliveries. This was further

7  evidence of fraud on the part of CCI against the very people with whom he was allegedly in a

8  conspiracy and would have been relevant to the magistrate court reviewing the Affidavit because it

9  would have cast doubt on the reliability of CCI's prior written communications.

10        The defense submits that Exhibit B further supports the defense's request for a *Franks* hearing.

11  Dated: February 25, 2026

12                                  /s/      Shawn Halbert
                                    SHAWN HALBERT
13                                  MARK GOLDROSEN
                                    Counsel for Andre Jones

14

4