CRAIG MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
MOLLY PRIEDEMAN (CABN 302096)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Abraham.fine@usdoj.gov
    Molly.priedeman@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 25-CR-0003-YGR |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT ANDRE JONES' NOTICE FILED FEBRUARY 25, 2026 |
| v. | |
| SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG, | |
| Defendants. | |

US RESPONSE TO DEFENDANT JONES' NOTICE    1
CR 25-CR-0003-YGR

1    The United States submits this response to Defendant Andre Jones' Notice filed on February 25,
2    2026 (Dkt. No. 177). In that Notice, Jones filed under seal a copy of a police report containing
3    allegations against Co-Conspirator 1 that Special Agent Duncan Haunold referenced in his affidavit
4    supporting the June 2024 residential search warrant. Jones also presents additional arguments regarding
5    SA Haunold's disclosures about the motivations and credibility of Co-Conspirator 1. The contents of
6    this police report and the new arguments do not affect the analysis under the *Franks* standard.

7    In the June 2024 residential search warrant affidavit, among many other disclosures relating to
8    Co-Conspirator 1's criminal history and potential concerns about his motivations and credibility, SA
9    Haunold stated that he had reviewed a May 2, 2024, Oakland Police Department ("OPD") Report
10   wherein a victim reported that he had loaned Co-Conspirator 1 $250,000, which Co-Conspirator 1 never
11   paid back and stated he would not pay back. *See* Fine Decl. at ¶ 30, n. 2. SA Haunold further stated that
12   to his knowledge, Co-Conspirator 1 had not been arrested for this conduct and no charges had been
13   filed. *Id*. That police report (which is attached as an exhibit to Defendant Jones' latest filing) includes
14   an approximately one-page narrative describing that a person approached an OPD patrol officer on the
15   street, accused Co-Conspirator 1 of defrauding him in relation to a $250,000 loan, and that Co-
16   Conspirator 1 allegedly sent the person harassing text messages when he sought repayment of the loan.
17   *See* Dkt. No. 177, Exhibit B.

18   Nothing about this police report, the existence of which was disclosed in the affidavit, changes
19   the *Franks* analysis. First, contrary to Jones' argument, the affidavit did not mischaracterize the police
20   report. SA Haunold described reviewing an OPD report setting forth that a purported victim had
21   accused Co-Conspirator 1 of refusing to pay back a $250,000 loan and that no charges had been brought
22   against Co-Conspirator 1 or arrests made. SA Haunold included the most significant aspects of the
23   potentially criminal allegations against Co-Conspirator 1. Contrary to Jones' arguments that SA
24   Haunold disclosed only an "unsupported civil allegation," Dkt. No. 177 at 2, SA Haunold did not
25   describe it as "civil" and did not indicate it was "unsupported". Instead, the allegation is clearly a
26   potential criminal allegation because it was made to the police, SA Haunold noted that there had not yet
27   been any arrests or charges, and SA Haunold did not say whether the allegations were supported or
28   unsupported because at that point he did not know one way or the other.

US RESPONSE TO DEFENDANT JONES' NOTICE    2
CR 25-CR-0003-YGR

1    Second, the police report does not add any support for Jones' argument—already made in his motion and reply—that SA Haunold, having learned of the allegations in this police report, should have investigated further or learned about the Alameda DA's separate investigation, as well as the allegations contained in the Alameda DA's office search warrant issued in July of 2024. That argument fails for the reasons set forth in the government's consolidated opposition brief. *See* Dkt. No. 151 at 19-20; *United States v. Miller*, 753 F.2d 1475, 1478 (9th Cir. 1985) ("*Franks* requires that a defendant show intentional falsehoods or reckless disregard for the truth. Allegations of negligence or innocent mistake are insufficient. We agree with the district court that Miller's allegations amount to no more than negligence. It might have been prudent for the federal agents to check on Becker's background and criminal record, but their failure to do so is not reckless disregard.") (internal citations omitted).

At bottom, the June 2024 affidavit contained significant disclosures about Co-Conspirator 1's criminal history and background, such as then-pending fraud charges against Co-Conspirator 1, six sets of previous charges and arrests covering grand theft, embezzlement, battery, and other offenses, and the existence of the above-described May 2, 2024 OPD report relating to the $250,000 loan. Fine Decl. at ¶ 30, n. 2. The affidavit further described Co-Conspirator 1's potential motivations for talking to the government, explicitly stating that Co-Conspirator 1 "appears to be . . . motivated by revenge against the DUONGs and a desire to obtain protection from law enforcement from the DUONGs, among any number of other potential personal motivations he may have" and also that Co-Conspirator 1 appears to talking "with the hope of obtaining some form of leniency in exchange." *Id*. The affidavit included the information most pertinent to Co-Conspirator 1's credibility, including the very the May 2, 2024, OPD report Jones now cites. Defendant Jones' supplemental submission does not change the *Franks* analysis.

DATED: February 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

__/s/_____
ABRAHAM FINE
MOLLY K. PRIEDEMAN
LLOYD FARNHAM
Assistant United States Attorneys