MARK GOLDROSEN (CSBN 101731)
255 Kansas Street, Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT  (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff<br><br>vs.<br><br>ANDRE JONES,<br><br><br>      Defendant. | Case No. 25-cr-0003 YGR<br><br>DEFENDANT ANDRE JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG PURSUANT TO F.R.CRIM. P. RULES 8(b) AND 14(a)<br><br>DATE: August 14, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Yvonne Gonzalez Rogers |

REDACTED VERSION OF MATERIAL SOUGHT TO BE SEALED

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR

PLEASE TAKE NOTICE that, on August 14, 2026, at 9:00 a.m., at 1301 Clay Street, Oakland, California, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, Defendant Andre Jones will and hereby does move to sever misjoined defendants under Federal Rule of Criminal Procedure 8(b) and for relief from prejudicial joinder under Federal Rule of Criminal Procedure 14(a).

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the declaration of counsel, the attache exhibits, and such other and further papers, evidence, and argument as may be submitted to the Court in connection with the hearing on this motion.

DATED: July 10, 2026                         Respectfully submitted,


                                              /S/ Mark Goldrosen
                                             Mark Goldrosen
                                             Shawn Halbert
                                             Attorneys for Defendant Andre Jones

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | | 1 |
| I. | INTRODUCTION AND FACTUAL BACKGROUND | | 1 |
| | A. | Overview | 1 |
| | B. | Indictment | 3 |
| | C. | 404(b) Notice | 4 |
| | | 1. ███████████████████ | 4 |
| | | 2. ███████████████████ | 5 |
| | | 3. ███████████████████ | 5 |
| | | 4. ███████████ | 5 |
| | | 5. ███████████████████ | 6 |
| | D. | Government Exhibits | 6 |
| | E. | Co-conspirator Statments | 6 |
| II. | ARGUMENT | | 6 |
| | A. | Jones Is Not Properly Joined with Andy Duong in the Indictment | 6 |
| | | 1. Charges against separate defendants may be joined only if they arise from the same act or series of acts | 6 |
| | | 2. Fed. R. Crim. P. 8(b) requires that Jones and Andy Duong be tried separately because Jones is only charged in the bribery conspiracy, while Andy is alsso charged with making false statements to a government agency | 9 |
| | B. | This Court Should Also Exercise its Discretion to Sever Jones from Both Andy and David Duong under Fed. R. Crim. P. 14(a). | 12 |
| III. | CONCLUSION | | 17 |

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    - i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Krulewitch v. United States*, 336 U.S. 440 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Schaffer v. United States*, 362 U.S. 511 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Bledsoe*, 674 F.2d 647 (8th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Charmay*, 211 F.Supp 904 (S.D.N.Y. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Ford*, 632 F.2d 1354 (9ʰ Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Felix-Gutierrez*, 940 F.2d 1200 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Lane*, 474 U.S. 438 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Lane*, 735 F.2d 799 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Marionneaux*, 514 F.2d 1244 (5th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Martin*, 567 F.2d 849 (9th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*United States v. Mogal*, 2019 WL 1102993 (N.D. Cal. Mar. 8, 2019). . . . . . . . . . . . . . . . . . . 8, 12

*United States v. Roselli*, 432 F.2d 879 (9th Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Satterfield*, 548 F.2d 1341 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 11

*United States v. Shellef*, 507 F.3d 82 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Vasquez-Velasco*, 15 F.3d 833 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Velasquez*, 772 F.2d 1348 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Watson*, 866 F.2d 381 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Zafiro v. United States*, 506 U.S. 534 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

**STATUTES**

18 U.S.C. § 371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 666(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1341. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                          - ii -

18 U.S.C. § 1349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1001(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**RULES**

Federal Rules of Criminal Procedure, Rule 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Criminal Procedure, Rule 8(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Criminal Procedure, Rule 8(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8, 12

Federal Rules of Criminal Procedure, Rule 14. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rules of Criminal Procedure, Rule 14(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12

Federal Rules of Evidence, Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rules of Evidence, Rule 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 14

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    - iii -

MARK GOLDROSEN (CSBN 101731)
255 Kansas Street, Ste 340
San Francisco, CA 94103-5154
Tel: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT  (CSBN 179023)
217 Leidesdorff Street
San Francisco, California 94111
Tel: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorneys for Defendant ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>vs.<br><br>ANDRE JONES,<br><br>　　　Defendant. | Case No. 25-cr-0003 YGR<br><br>DEFENDANT ANDRE JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG PURSUANT TO F.R.CRIM.P. RULES 8(b) AND 14(a)<br><br>DATE: August 14, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Yvonne Gonzalez Rogers |

## I.    INTRODUCTION AND FACTUAL BACKGROUND

### A.    Overview

Defendant Andre Jones seeks to have his trial severed from that of co-defendants Andy Duong and David Duong, and to be tried only with co-defendant Sheng Thao. The motion to sever from Andy Duong is based on both Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure. Count Eight charges that on June 20, 2024 Andy Duong made false statements to a government agency in violation of 18 U.S.C., § 1001(a)(2). Since Jones is not alleged to have participated in that "same act or transaction, or in the same series of acts or transactions, constituting [that] offense," he and Andy Duong are not properly joined in the indictment under Rule 8(b).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    2

**B.    Indictment**

On January 9, 2025, the government filed an indictment against Sheng Thao, Andre Jones, David Trung Duong, and Andy Hung Duong. Paragraphs 1 and 2 of the indictment provide an "[o]verview" of the allegations.

1.    Leading up to the 2022 Oakland mayoral election, and following her election as mayor, SHENG THAO engaged in a corrupt relationship with her partner ANDRE JONES, and local businessmen, defendants DAVID DUONG and ANDY DUONG. As part of the corrupt relationship, THAO promised to take official actions as mayor of Oakland to benefit D. DUONG and A. DUONG in exchange for various benefits to THAO and JONES. Among other acts, THAO promised to commit the City of Oakland to purchase housing units from D. DUONG and A. DUONG's housing company, to extend the contract for D. DUONG and A. DUONG's recycling company, and to appoint senior city officials selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, a local businessman and longtime associate of D. DUONG and A. DUONG. In exchange, D. DUONG, A. DUONG, and CO-CONSPIRATOR 1 promised to pay $75,000 to fund negative mailers targeting THAO's opponents in the mayoral election and to make $300,000 in direct payments for a no-show job to JONES for the benefit of THAO and JONES.

2.    In furtherance of the corrupt relationship, D. DUONG and A. DUONG spent $75,000 to fund a negative mailer in support of THAO's campaign. Following the mayoral election, D. DUONG, A. DUONG, and CO-CONSPIRA TOR l paid $95,000 to JONES for the benefit of JONES and THAO, with the promise of additional payments. Once in office, THAO took steps to carry out her end of the corrupt arrangement, including using her influence to help appoint a high-level City of Oakland official selected by D. DUONG, A. DUONG, and CO-CONSPIRATOR 1, as well as other steps to benefit D. DUONG and A. DUONG's housing company and recycling company.

Dkt # 1 at ¶¶ 1-2.

The indictment charges eight substantive offenses. All four defendants are charged in Counts One (conspiracy to commit bribery of an official of a local government that received federal funding in violation of 18 U.S.C., § 371); Four (conspiracy to commit honest services mail fraud and honest services wire fraud, in violation of 18 U.S.C. § 1349); Five (honest

services mail fraud in violation of 18 U.S.,C., § 1341), Six (honest services wire fraud, in violation of 18 U.S.C., § 1343) and Seven (honest services wire fraud, in violation of 18 U.S., § 1343).

Thao and Jones are charged separately with Count Two (bribery concerning programs receiving federal funds in violation of 18 U.S.C., § 666(a)(1)(B) and the Duongs are charged with the same offense in Count Three. Finally, Count Eight charges Andy Duong alone with making false statements to a government agency, in violation of 18 U.S.C., § 1001(a)(2). Andy Duong is alleged to have made these statements on June 20, 2024, during an interview with FBI agents. Prior to the interview, the agents told Andy Duong that it was a crime to lie to the FBI.

**C.    404(b) Notice**

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

█████ .

██    ███████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    4



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    5

**D.    Government Exhibits**

**E.    Co-conspirator Statements**

**II.    ARGUMENT**

    **A.    Jones Is Not Properly Joined with Andy Duong in the Indictment**

        1.    <u>Charges against separate defendants may be joined only if they arise from</u>

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    6

the same act or series of acts

Claims of misjoinder are governed by Rule 8 of the Federal Rules of Criminal Procedure:

**(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

**(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

Rule 8(a) "applies only to joinder of offenses against a single defendant." *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977). "Where more than one defendant is named in an indictment," as here, "the provisions of rule 8(b) control." *Id*. In addition, "[w]hile rule 8(a) permits joinder against one defendant of offenses 'of the same or similar character,' even where those offenses arise out of wholly separate, unconnected transactions, rule 8(b) treats joinder of multiple defendants differently." *Id*. (citations omitted). Indeed, unlike Rule 8(a), "[u]nder Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." *Id*. (quoting *United States v. Roselli*, 432 F.2d 879, 898 (9th Cir. 1970)).

Thus, two defendants are "properly joined in [an] indictment and for trial only if ***all*** of the offenses charged in the indictment arose out of the same series of transactions." *Id*. (emphasis added); *see also United States v. Martin*, 567 F.2d 849, 854 (9th Cir. 1977) ("[W]hen multiple defendants are involved, joinder is improper unless ***all*** offenses arise out of the same series of acts or transactions." (emphasis added)). And, while "the plan, scheme, or conspiracy need not be charged on the face of the indictment," *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980), "a valid basis for joinder should be discernible from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

Whether multiple offenses joined in an indictment "constitute a 'series of acts or transactions' turns on the degree to which they are related," *Satterfield*, 548 F.2d at 1344 (quoting Fed R. Crim. P 8(b)); in particular, "the existence of a 'series' depends on whether there is a logical relationship between the transactions," *United States v. Mogal*, No. 18-cr-259-BLF, 2019 WL 1102993, at \*3 (N.D. Cal. Mar. 8, 2019) (quoting *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991)). "A logical relationship may not be shown by 'mere factual similarity of events.'" *Mogal*, 2019 WL 1102993 at \*3 (quoting *Ford*, 632 F.2d at 1372). Nor is it enough that "the events occurred at about the same time, or that the acts violated the same statutes," or that there is "similarity in the manner in which several offenses are carried out [or] a similar modus operandi." *Satterfield*, 548 F.2d at 1344, 1345.

Instead, "[a] logical relationship is typically shown 'by the existence of a common plan, scheme, or conspiracy.'" *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (quoting *Felix-Gutierrez*, 940 F.2d at 1208). But importantly, "to be part of the 'same series of acts or transactions,' acts must be part of *one* overall scheme about which *all* joined defendants knew and in which they all participated." *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982) (emphasis added), abrogated in part on other grounds, *United States v. Lane*, 474 U.S. 438 (1986)); see also *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985) ("The usual meaning is acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are parts of *a single conspiracy*." (emphasis added; citations omitted)). If this were not the case, "the government could take any two counts, however disconnected, and join them in one trial so long as they involved the same type of crime and some of the same defendants." *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984).

The prejudice that Rule 8(b) seeks to minimize is the "high risk of being found guilty by association" at a joint trial "where one defendant is charged with offenses in which the other defendant[] did not participate." *Satterfield*, 548 F.2d at 1346. Thus, the most common way to demonstrate that disparate counts arise from the same acts or transactions is by "showing that substantially the same facts must be adduced to prove each of the joined offenses." *Id*. at 1344.

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                   8

2.   <u>Fed. R. Crim. P. 8(b) requires that Jones and Andy Duong be tried separately because Jones is only charged in the bribery conspiracy, while Andy is alsso charged with making false statements to a government agency</u>

Here, the indictment charges Jones with conspiracy to commit bribery, bribery concerning programs receiving federal funds, conspiracy to commit honest services mail fraud and honest services wire fraud, honest service mail fraud, and honest services wire fraud (two counts). He is not charged with making false statements to a government agency. Only Andy Duong is charged with that offense.

More importantly, the indictment does not allege that Jones participated in any act or transaction, or series of acts or transactions, that constituted the offense of making a false statement to a government agency. The crime charged against Andy Duong is separate and distinct from any conduct involving Jones. Only Andy Duong was present when the agents interviewed him on June 20, 2024. There is no allegation that Jones in any way aided or abetted Andy Duong to commit this crime or that the crime was part of any of the conspiracies charged against Jones. Significantly, Andy Duong's allegedly false statements to the FBI are not included in the indictment as one of the overt acts committed in the furtherance of the conspiracy. *See* Dkt. # 1 at ¶ 63. False statements to a government agency is similar to perjury, which has been described as a "highly a personalized crime," that focuses on whether the individual defendant "spoke his true belief." *United State v. Charmay*, 211 F.Supp. 904, 906 (S.D.N.Y. 1962) (holding that three defendants were misjoined where each allegedly perjured himself to the same grand jury on the same day about the same two facts regarding the same non-party individual, but there were "no allegations of concert of action or a common scheme" and "[n]o conspiracy [was] charged.")

While there is some relationship between Andy Duong's allegedly false statements and the charged bribery conspiracy, in that Duong answered questions about his relationship with Jones and payments to him, this minimal nexus is insufficient to permit joinder. As explained in the case law discussed above, more is required. Typically, there is a "common plan, scheme, or

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    9

conspiracy" involving all of the alleged acts or transactions committed by the various co-defendants. Here, there is no allegation that Andy Duong's allegedly false statements to the FBI were part of the bribery conspiracy that Jones allegedly joined and knew about. Andy Duong was solely responsible for his alleged criminal conduct. Absent any nexus between the false statements charge and Jones, a joint trial is improper under Rule 8(b). The caselaw dictates that the inquiry is over: Jones and Andy Duong must be severed.

In addition, the fact that the subject of Andy Duong's alleged false statement was Jones does not mean that the prerequisites for joinder have been satisfied. To the contrary, the alleged false statement is particularly prejudicial to Jones because according to the government, Andy disavowed a relationship with Jones. Thus, it is likely that the jury will associate Andy's denial of a relationship with Jones himself, even though Jones made no such statement as to Andy.

Several cases are instructive. In *Martin*, Martin and co-defendant Macias were charged in a single indictment with committing two drug conspiracies, and Macias alone was charged with committing two additional, separate drug conspiracies. 567 F.2d at 851. The Ninth Circuit held the defendants were misjoined: "Martin was misjoined because he was not alleged to have participated in any of the conspiracies [charged only against Macias]. It therefore cannot be said that all the offenses arose out of the same 'series of acts or transactions' because the Government necessarily was required to adduce proof of substantially different facts in order to support conviction on the counts unrelated to Martin." *Id*. at 853. So too here. Jones is not alleged to have participated in the false statements to a government agency charged against Andy Duong alone, and the government will have to adduce proof of substantially different facts to obtain a conviction on the count unrelated to Jones, i.e., that Andy Duong mace certain statements to FBI agents.

In *Satterfield*, Satterfield and co-defendant Merriweather were charged in a single indictment with jointly committing two robberies, but Merriweather alone was charged with committing three additional, separate robberies. 548 F.2d at 1343. The government did not allege that Satterfield was involved in any of the robberies charged against Merriweather alone,

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    10

and the Ninth Circuit reversed the district court based on its failure to grant Satterfield's severance motion because the five total robberies did not "each [arise] out of the same series of acts or transactions." *Id*. at 1345. The requisite nexus did not exist "merely because the robberies which Merriweather perpetrated alone were somewhat similar in character to the robberies in which both defendants participated." *Id*. Indeed, it was "not a situation where substantially the same facts would have been adduced at separate trials," the Court said, because "in a separate trial of Satterfield[], evidence pertaining to the [robberies charged against Merriweather alone] would have been irrelevant." *Id*. The Court further concluded that admission of evidence relating to Merriweather alone "could have had no other effect than to prejudice Satterfield in the precise manner against which rule 8(b) seeks to protect." *Id*. at 1346-47. *Satterfield* dictates that severance is appropriate here because the false statements and the bribery scheme do not involve anything close to "substantially the same facts," and as in *Satterfield*, the inflammatory false statements evidence against Andy Duong is both irrelevant to and invariably will prejudice Jones.[2]

In *United States v. Marionneaux*, a single indictment charged two separate conspiracies to obstruct justice aimed at preventing witnesses from testifying in the same prosecution. 514 F.2d 1244, 1246-47 (5th Cir. 1975), overruled on other grounds, *United States v. Watson*, 866 F.2d 381, 384 (11th Cir. 1989). The Fifth Circuit reversed the district court based on its failure to sever the two sets of defendants even though Edward Partin was a co-defendant in both conspiracies, one defendant performed an overt act in both conspiracies, and the schemes were similar in character, because other than those few facts, "the conspiracies ha[d] different participants and completely different overt actions." *Id*. at 1248. The Fifth Circuit concluded that "[w]here," as here, "there is no **substantial** identity of facts or participants between the two

---

[2] *See Satterfield*, 548 F.2d at 1346 ("At a joint trial, where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant. In such cases, codefendants run a high risk of being found guilty merely by association.").

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                 11

offenses, there is no 'series' of acts under Rule 8(b)."[3] *Id*. at 1249 (emphasis added))

### B.    This Court Should Also Exercise its Discretion to Sever Jones from Both Andy and David Duong under Fed. R. Crim. P. 14(a).

Even if the government properly charged Jones and Andy Duong in a single indictment under Rule 8(b) – and it did not – the Court should still sever Jones from Andy Duong, as well as from David Duong, in its discretion under Federal Rule of Criminal Procedure 14 because joinder will substantially prejudice Jones.

Rule 14 provides:

(a)    Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Severance is appropriate under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Rule 14 is designed to ensure that defendants defend themselves only against the charges an indictment actually levels against them, and not insinuations raised by a joint trial of multiple defendants involving unconnected conspiracies. "[T]he trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

---

[3]Additional examples abound. *See United States v. Shellef*, 507 F.3d 82, 87, 97-102 (2d Cir. 2007) (vacating underlying convictions on the ground that two co-defendants were misjoined where they were charged jointly with wire fraud and a conspiracy to defraud the IRS, but one defendant alone was charged with filing false tax returns and money laundering, because the charges were "not based on the same act or transaction, or on the same series of acts or transactions" and did not constitute "parts of a common scheme or plan"); *Mogal*, 2019 WL 1102993 at *6-7 (finding six co-defendants were misjoined where they were each charged with trade secret theft from the same employer and some of them allegedly stole the same trade secrets because the indictment's allegations still did not demonstrate that "proof of the offenses [would] rel[y] on substantially the same facts" and thus the offenses were not based on the same series of acts or transactions (internal quotation marks omitted)).

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                12



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                     13



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                 14



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                   15



DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM
CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                16

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████

## III.    CONCLUSION

For the foregoing reasons, the Court should sever Jones from his co-defendants Andy Duong and David Duong and allow him to have a separate trial with co-defendant Sheng Thao.

DATED: July 10, 2026                    Respectfully Submitted,


                                        /S/ Mark Goldrosen____
                                        MARK GOLDROSEN
                                        SHAWN HALBERT
                                        Attorneys for Defendant
                                        ANDRE JONES

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    17

PROOF OF SERVICE

I, the undersigned, declare that I am over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 255 Kansas Street, Suite 340, San Francisco, CA 94103.  My electronic service address is markgoldro@aol.com.

On July 10, 2026, I served a true copy Defendant Andre Jones's Notice of Motion and Motion for Severance From Co-Defendants Andy Duong and David Duong Pursuant to FRCP, Rules 8(b) and 14(a), Declaration of Mark Goldrosen in Support of Motion and Exhibits, Administrative Motion for Under Seal Filing, Declaration in Support of Under Seal Filing, and Proposed Order for Under Seal Filing via email to the following parties:

AUSA Abraham Fine - abraham.fine@doj.gov

AUSA Molly K. Priedeman - molly.priedeman@doj.gov

AUSA Lloyd Farnham - lloyd.farnham@doj.gov

AUSA Brandon Moore - brandon.moore@doj.gov

Jeffrey Tsai - jeff.tsai@us.dlapiper.com
Counsel for Defendant Sheng Thao

Winston Chan - wchan@gibsondunn.com
Counsel for Defendant Andy Duong

Ed Swanson - ed@smllp.law
Counsel for Defendant David Duong

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 10, 2026, at San Francisco, California.

> /s/ Mark Goldroen
> Mark Goldrosen

DEFENDANT JONES'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANTS ANDY DUONG AND DAVID DUONG
Case No. 25-CR-0003 YGR                    18