MARK GOLDROSEN
255 Kansas St Ste 340
San Francisco, CA 94103-5154
Phone: 415-565-9600 | Fax: 415-565-9601
Email: markgoldro@aol.com

SHAWN HALBERT
California SBN 179023
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Attorney for Defendant
ANDRE JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENG THAO, ANDRE JONES, DAVID TRUNG DUONG, and ANDY HUNG DUONG<br><br>Defendant. | CASE NO. 25-CR-0003-YGR<br><br>DEFENDANT ANDRE JONES'S NOTICE RE LIMITING THE TESTIMONY OF GOVERNMENT WITNESS LATONDA SIMMONS TO MATTERS WITHIN HER PERSONAL KNOWLEDGE [F.R.EVID. 701]<br><br>Courtroom: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Defendant Andre Jones files this Notice to alert the Court to issues it believes will arise during the testimony of government witness Latonda Simmons, specifically relating to the limits of her personal knowledge as to certain topics. Because Simmons has taken upon herself to read voluminous materials relating to this case, including a transcript of a recorded call between Andy Duong and an Oakland City Council Member as well as communications between other government witnesses to which she was not a party that were obtained through public records requests, and in light of Simmons' memos to the government revealing that she believes that there was a grand conspiracy that included government witnesses Emily Weinstein, Harold Duffey and Jestin Johnson, as well as at least one City Council member, and in light of her animus towards defendant Thao, it is particularly important that Simmons not be permitted to testify as to matters about which she does not have personal knowledge,

for which there is no foundation for her response, or that are hearsay or based on hearsay. Nor should she be permitted to testify as an expert witness about the legal meaning of Government Exhibit 11, the September 14, 2023 Oakland City Council Ordinance 13759.

The government's witness list described Ms. Simmons' testimony very generally ("Ms. Simmons will testify about her experience as an Assistant City Administrator in the City of Oakland, as well as her interactions with Sheng Thao, Andre Jones, David Duong, Andy Duong, California Waste Solutions, Evolutionary Homes, and related individuals." Dkt. 399 at 5). During the meet and confer process this afternoon and evening, the government confirmed that it intends to have Simmons testify generally about the 2023 Shelter Ordinance, including the role of the City Administrator, and about former Mayor Libby Schaaf's Tuff Shed program. The government said that Simmons would not be asked to testify about the differences between the 2023 Oakland City Council Ordinance 13759 and the 2021 Oakland City Council Ordinance No. 13662, but last month, Simmons did prepare a memorandum for the government comparing the two versions of the ordinance "per our meeting" earlier that month. Declaration of Shawn Halbert, filed under seal, Ex. 1. Finally, the defense requested that the government let it know whether it intended to elicit testimony as to the City's proposals to potentially merge the Community and Housing Development Department ("CHD") with the Community Housing Service division of the Human Resources Department ("CHS/HRD"), but the government did not respond, so the defense will address that issue in this filing as well.

The defense believes that Ms. Simmons has limited if any personal knowledge as to the topics of the legal authority of the City Administrator under Oakland City Council Ordinance 13759, the City's mechanism for approving and funding Schaff's Tuff Sheds program, and the potential merger of CHD and CHS/HRD. Because of Simmons' clear bias and the fact that she has independently researched and reviewed City information and communications between various third parties, it will be difficult to cross-examine her without these inadmissible materials being raised in front of the jury. Therefore, the defense files this Notice so that the Court is aware of the basis for any objections the defense makes to ensure that the government's questions and the witness's responses are confined to matters within her personal knowledge. The defense also requests that the witness be informed of this limitation before her testimony.

1. <u>The September 14, 2023 Oakland City Council Ordinance 13759</u>

Although it appears that Simmons was an Assistant City Administrator overseeing the Human Services Department in September 2023, it does not appear that she was involved in the drafting of the 2023 Ordinance. On August 31, 2023, Scott Means (Interim Director of the Human Services Department) sent an Agenda Report re the Shelter Crisis Ordinance to City Administrator Jestin Johnson, who signed his approval on September 7, 2023. The report was prepared by C'Mone Falls, (Interim Manager of the Community Housing Services in the Human Services Department). Halbert Decl., ¶ 2. It is unknown who actually drafted the Ordinance (though presumably C'Mone Falls and/or Scott Means would know).[1] The Agenda Report recommended that the City Council adopt the Emergency Ordinance. *Id.* City Council members Nikki Fortunato Bas and Rebecca Kaplan were the main stakeholders in the 2023 emergency homelessness renewal and sponsored the 2023 version of the bill. 11/27/25 302 at 6.

Simmons did not draft the 2023 emergency ordinance and the defense has no reason to believe that she is an attorney. Thus, she should not be permitted to describe her understanding of what the City Administrator is legally permitted to do under the Ordinance because she will be reading from the document and likely comparing it to earlier iterations of the bill, and interpreting it without legal expertise. If the government wished to introduce testimony of this nature, it needed to elicit it from persons with knowledge.

2. <u>Former Mayor Libby Schaaf's "Tuff Sheds" Program</u>

At her first interview, Simmons was asked about former Mayor Libby Schaaf's "tiny shed" program. 11/27/26 302 at 5. Simmons gave the government her opinion on how the program was related to prior iterations of the homelessness emergency ordinance. *Id.* On September 14, 2026, Simmons was again asked about the Tuff Sheds program and opined as to why and how it was implemented by Mayor

[1] When Simmons met with the government on November 27, 2024, she said that her "involvement with the emergency ordinance in 2023 was less than when the ordinance was first introduced." 11/27/24 302 at 5. Simmons said that "the city was probably seeking refinements to the legislation and there were probably amendments made or introduced at council." *Id.* Simmons was shown that she accepted a Microsoft Teams invitation to a meeting titled "Emergency Shelter Crisis Ordinance" that was taking place on September 5, 2023, but she did not specifically recall the meeting. *Id.*

Schaaf in connection with an earlier iteration of the emergency housing ordinance. 9/14/26 302 at 2. Simmons indicated that Assistant City Administrator Jeff Devries was the ACA who worked on the Tuff Sheds purchase, not Simmons. *Id.*

It does not appear that Simmons is the appropriate person with personal knowledge to testify about this past event.

3. <u>Potential Merger of CHD and CHS/HRD</u>

Simmons' opinions and information about any potential merger between two departments appears to be based at least in part on her having reviewed "city emails." 9/22/26 302 at 1. Simmons told the government that merging the departments would have "consolidated power within the city relating to homeless housing" and that "CHS, which provided services to homeless individuals…would have been moved into HCD, which funds affordable housing projects." *Id.* It is not clear if the government intends to introduce this evidence since government counsel did not respond to the defense's email, but if this is now part of the government's theory of the case, any evidence would have to be elicited from a witness who has actual knowledge of the timing and terms of the potential merger, not a biased witness who believes that the merger was "move to put control of all homelessness dollars and authorities in the Housing Department," Halbert Decl., Ex. 2, a plot that allegedly involved people including government witnesses Jestin Johnson, Emily Weinstein and Harold Duffey, and a former Interim Public Works Director. *Id.* at 1-2.

There are any number of people the government could call as witnesses to testify about the above topics, including Nikki Fortunado Bas (who is on the government's witness list), former ACA Devries, C'Mone Falls, Scott Means, and persons who drafted or have knowledge of the legal implications of the 2023 Emergency Ordinance. According to her FBI 302, Simmons has reviewed thousands of messages released to the public by city officials due to a public records request; she has concluded that there is evidence of collusion by people including Harold Duffey and a City Council member. Halbert Decl. ¶ 4, Ex. 2. In light of Simmons' apparent lack of personal knowledge as to these topics, her bias, and the fact that her knowledge base has been tainted by her review of thousands of documents relating to this case,

/ / /

/ / /

the defense ask that the Court limit Simmons to her personal knowledge as to these topics.

Dated: October 22, 2026

Respectfully submitted,

/s/ ____________________________

MARK GOLDROSEN
SHAWN HALBERT
Counsel for Andre Jones